**Rebecca BELL, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 81–1556.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1981.

Decided Jan. 15, 1982.

Thomas E. King, Lynn C. Hoover, Tommy W. Taylor, Gregory M. Kratofil, Charles F. Marvine, Jr., Kansas City, Mo., for appellant; Morris, Larson, King, Stamper & Bold, Kansas City, Mo., of counsel.

John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Ann Belanger Durney, Michael J. Roach, Attys., Tax Division, Dept. of Justice, Washington, D. C., for appellee.

Before GIBSON, Senior Circuit Judge, BRIGHT, Circuit Judge, and LARSON,* Senior District Judge.

PER CURIAM.

Rebecca Bell appeals a decision of the tax court determining that she owes $2,520 more than she paid on her 1974 income tax. The dispute between the taxpayer and the Commissioner of Internal Revenue concerns whether the taxpayer could deduct as interest a portion of an annual installment payment that she paid to the seller and transferor of certain shares of capital stock. The parties agreed that the installment payments would extend over the joint lives of the transferor and his wife—parents of the taxpayer-transferee. The tax court rejected the taxpayer's claim. *Bell v. Commissioner,* 76 T.C. 232 (1981) (Wiles, J.). We affirm.

The summary in the tax court opinion aptly states the essence of the case:

> Petitioner [taxpayer] purchased stock from her father in exchange for her promise to pay her father and his wife an annuity of $15,000 per year for as long as either of them lived. In exchange for the annuity, the father made an absolute assignment of the stock to petitioner. Although petitioner's obligation to make the promised annuity payments was not contingent upon sufficient dividend income from the purchased stock, she did not have sufficient income and assets to make the payments without those dividends. *Held,* petitioner's promise to pay an annuity did not constitute an indebtedness within the meaning of sec. 163, I.R.C.1954. *Held, further,* the full amount of each annuity payment represents part of the purchase price of the stock. *Held, further,* no portion of the $15,000 payment made in 1974 is deductible as interest under sec. 163, I.R.C.1954. [*Bell v. Commissioner, supra,* 76 T.C. at 232.]

We have examined the briefs of the parties and the underlying record. The facts are stipulated and no error of law appears in the determination made by the tax court that:

> It is clear that Mr. Bell did not forbear the collection of any ascertainable amount owed to him by petitioner pursuant to the sale, but accepted petitioner's tenuous annuity obligation as full payment for the stock. Under these circumstances, we are convinced that petitioner's annuity obligation is too indefinite to constitute an indebtedness within the meaning of section 163. See *Dix v. Commissioner,* 392 F.2d [313] at 318 [4th Cir.]. In the instant case, the full amount of each annuity payment represents a capital expenditure, and accordingly, petitioner is not entitled to any interest expense deduction therefor. [*Bell v. Commissioner, supra,* 76 T.C. at 238 (footnote omitted).]

Accordingly, we affirm on the basis of the tax court's opinion.

---

* EARL R. LARSON, United States Senior District Judge, District of Minnesota, sitting by designation.